IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONNIE TURNER,         Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:21-CV-708-O |
| THE STATE OF TEXAS,         Respondent. | § § § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ronnie Turner, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against the State of Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed as frivolous.

**I. BACKGROUND**

Petitioner is serving a 45-year sentence in TDCJ for his 2005 conviction in Tarrant County, Texas, Case No. 0941085D, for aggravated robbery. *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Offender Information Details, http://www.offender.tdcj.texas.gov/OffenderSearch (last visited June 9, 2021). In the present case, Petitioner does not challenge his conviction directly; instead, he indicates that he challenges a "court order" and complains of the handling of his state habeas-corpus application in WR-63,583-33 (trial court case no. C-3-W011934-0941085-R). Pet. 2, 6–7 ECF No. 1. He seeks an order "authorizing" the state court to hold a full evidentiary hearing on the application. *Id.* at 7.

## II. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

In this circuit, it is well settled that infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *See Duff-Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir. 1992); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997). This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself. *Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001). Furthermore, a federal district court is not empowered to order a state court to hold an evidentiary hearing in a habeas matter involving a state prisoner. *See Dixon v. Beto,* 472 F.2d 598, 599 (5th Cir. 1973). The necessity of an evidentiary hearing is within the sound discretion of the state trial court. *See Ross v. Estelle,* 694 F.2d 1008, 1011 n.2 (5th Cir. 1983).

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as frivolous and "The Relator Motion for Leave for the United State District Court to Issue an Order to the State Court to Hold an Evidentry Hearing on the Newly Discover Evidence Affidavit Exhibit (C) and Alibi Witness Affidavit Exhibit (F)" (all spelling,

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

punctuation, and/or grammatical errors are in the original) (ECF No. 3) is **DENIED**. A certificate of appealability is also **DENIED**. Petitioner's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**.

    **SO ORDERED** on this 9th day of June, 2021.

                                                  Reed O'Connor
                                        **UNITED STATES DISTRICT JUDGE**